UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CORNELIUS CANNADY,                                                    PLAINTIFF
SR.,


V.                                        CIVIL ACTION NO. 1:20-CV-130-HSO-RPM


RONALD WOODALL,                                                      DEFENDANT


## REPORT AND RECOMMENDATION

## I.     INTRODUCTION

On April 1, 2020, plaintiff Cornelius Cannady, Sr. ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 ("Section 1983") prisoner civil rights Complaint alleging that defendant Ronald Woodall ("Dr. Woodall") intentionally prescribed him with the wrong medical treatment in violation of his constitutional rights while the plaintiff was an inmate at South Mississippi Correctional Institution ("SMCI"). Doc. [1]. The plaintiff does not specify which constitutional rights were violated. *Ibid.* On June 22, 2020, Dr. Woodall filed the present motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in lieu of an Answer. *See* Doc. [17].

## II.     FACTS

In early 2018, the plaintiff "submitted sick-calls" to the SMCI infirmary seeking circumcision because he was unable to "pull his foreskin back to clean around his penis." Doc. [1], ¶ 2, Ex. A. On May 10, 2018, the plaintiff was treated by Dr. Woodall, who prescribed "A&C Ointment" in order to treat "severe scar tissue around . . . [the plaintiff's] penis[.]" *Ibid.* According to the plaintiff, Dr. Woodall both "knew [that the foreskin] needed to be removed by circumcision" and

that the plaintiff "suffered [a penile] infection[.]" *Id.*, at ¶¶ 2–3. Nevertheless, the plaintiff alleges, Dr. Woodall intentionally "disregarded an excessive risk to Cannady[.]" *Id.*, at ¶ 3.

On August 19, 2018 and November 15, 2018, the plaintiff submitted his first and second Administrative Remedy Program ("ARP") grievances to the Mississippi Department of Corrections ("MDOC"), which were both denied. *Id.*, at ¶¶ 2–3, Ex. A–B. After exhausting his administrative remedies, the plaintiff appealed, pursuant to Miss. Code Ann. § 47–5–807 ("Section 807"), to the Circuit Court of Greene County, Mississippi on December 3, 2018. Doc. [18], Ex. A. On appeal, the plaintiff alleged that the MDOC and Dr. Woodall violated his Eighth Amendment rights insofar as they were "deliberately indifferent" to his "serious medical need" for relief from penile "pain and soreness." *Id.*, Ex. A.

In December 2018, the plaintiff was transferred to Mississippi State Prison ("MSP"). *Id.*, at ¶ 5. At MSP, the plaintiff was "evaluated by Nurse-Practitioner Brown, who diagnosed him as having severe scar tissue around his penis that needed remov[al] by circumcision." Doc. [1], at ¶¶ 5–6. Thereafter, the plaintiff received a second opinion from "Dr. Miles," a physician at the Bolivar County Medical Center, who also concluded that the plaintiff needed to be circumcised. *Id.*, at ¶ 6, Ex. C. On February 14, 2019, the plaintiff was circumcised and "provided Batin . . . for the infection [that] he had been suffering for several months." *Id.*, at ¶ 7. Finally, on March 2, 2020, the plaintiff's appeal was dismissed by the circuit court. *Id.*, Ex. E. According to the circuit court, the administrative record merely showed that the plaintiff was "aggrieved" that Dr. Woodall prescribed him ointment rather than circumcision and that there was no evidence of "deliberate indifference." *Id.*, Ex. E.

This action followed.

### III.    ARGUMENTS

Dr. Woodall brings the present Rule 12(b)(6) motion to dismiss for failure to state a claim on the grounds that the plaintiff's present Complaint is barred by the doctrine of collateral estoppel. *See* Doc. [18], at 1. Dr. Woodall argues that the plaintiff brought the exact same claim in his Section 807 appeal. *Id.*, at 3, Ex A. Dr. Woodall continues that the facts alleged in the present Complaint is also legally indistinguishable from his state court case on its face—making dismissal on grounds of collateral estoppel appropriate at this stage. *Id.*, at 3–4.

In opposition, the plaintiff argues that Dr. Woodall has failed to meet any prongs under a collateral estoppel analysis. Doc. [21], at 2. At the first prong, the plaintiff argues that his Section 807 appeal is not contemplated as a judicial proceeding for collateral estoppel purposes. *Ibid.* Next, at the second prong, the plaintiff argues that he was not given a hearing, allowed to present witnesses, or put forth evidence in the circuit court. *Id.*, at 3. Finally, on the third and fourth prongs, the plaintiff argues that the issues were not "fully and fairly litigated" in the circuit court proceeding. *Ibid.* For these reasons, the plaintiff argues that Dr. Woodall's motion should be denied. *Id.*, at 3–4.[1]

### IV.    STANDARD OF REVIEW

In evaluating a motion to dismiss filed under Rule 12(b)(6), "the court 'must accept all well-pleaded facts as true, and [] view them in the light most favorable to the plaintiff.'" *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 223–24 (5th Cir. 2020) (quoting *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine

---

[1] The Court notes that the plaintiff filed a sur-reply without leave of court on September 3, 2020. *See* Doc. [24]. The Court may disregard an unauthorized sur-reply. *See*, *e.g.*, *Mims v. Gen. Motors*, No. 3:09-CV-617-DPJ-FKB, 2011 WL 4454932, at *3 (S.D. Miss. Sept. 23, 2011). Nevertheless, in its discretion, the Court has considered the plaintiff's unauthorized sur-reply in deciding the present motion.

when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).[2]

Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at* 678 (quoting *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, [however,] supported by mere conclusory statements, do not suffice[]" as factual allegations and are viewed instead as legal conclusions couched as factual allegations. *Id.* (citations omitted).

Finally, affirmative defenses, such as collateral estoppel and res judicata, "'generally' should not be considered in a motion to dismiss." *T.L. Dallas (Special Risks), Ltd. v. Elton Porter Marine Ins. Agency, Inc.*, No. CIVA 4:07-CV-0419, 2008 WL 7627807, at *2 (S.D. Tex. May 22, 2008) (quoting *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005)). Nevertheless, if "the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue," *Larter & Sons v. Dinkier Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952), or if "the state court decisions were virtually apparent on the

---

[2] A Court's use of judicial notice at the motion to dismiss stage is guided by Rule 201 of the Federal Rules of Evidence. *See Funk*, 631 F.3d 777 at 783. As such, it is, for example, "clearly proper" for the Court to take "judicial notice of matters of public record[,]'" *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), such as publicly available administrative documents, *Funk*, 631 F.3d at 783 (finding judicial notice of publicly-available Food and Drug Administration documents to be proper at motion to dismiss stage).

face of the complaint," *Gregory v. Drury*, 809 F.2d 249, 253 (5th Cir.1987) (unpublished), courts will address a collateral estoppel argument at the motion to dismiss stage, *T.L. Dallas (Special Risks), Ltd.*, 2008 WL 7627807, at *2. Here, the relevant facts are not in dispute, as reflected on the face of the Complaint: the plaintiff filed two later denied grievances alleging the same facts as the Complaint in the present case, appealed to the circuit court for review of the administrative decision, and the circuit court rendered an opinion upholding the administrative decision. Doc. [1, 18]. The Court turns to the merits of the motion.

## V.    ANALYSIS

### A.    LAW

As an initial matter, state litigation can collaterally estop litigation of certain issues in a subsequent Section 1983 case. *See generally Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). When the question is whether to give preclusive effect to a state court judgment, "a federal court . . . [must] look first to state preclusion law in determining the preclusive effects of a state court judgment." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381–82, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985) (citations omitted). *See also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). "If state law indicates that the particular claim or issue would be barred from litigation in a court of that state, then the federal court must next decide whether, 'as an exception to [28 U.S.C.] § 1738,' it 'should refuse to give preclusive effect to [the] state court judgment.'" *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 376, 116 S. Ct. 873, 134 L. Ed. 2d 6 (1996) (quoting *Marrese*, 470 U.S. at 383). Thus, since the underlying litigation is a state court proceeding, Doc. [1], Ex. E, the Court

begins by analyzing whether Mississippi collateral estoppel doctrine would have a preclusive effect in the present case.[3]

Under Mississippi law, "[c]ollateral estoppel precludes relitigating a specific issue, which was: (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action." *Gibson v. Williams, Williams & Montgomery, P.A.*, 186 So. 3d 836, 845 (Miss. 2016) (citing *In re Estate of Stutts v. Stutts*, 529 So. 2d 177, 179 (Miss. 1988)). In Mississippi, collateral estoppel serves a "dual purpose[:]" (i) to "protect[] litigants from the burden of relitigating an identical issue with the same party or his privy[,]" and (ii) to "promote[] judicial economy by preventing needless litigation." *Mayor & Bd. of Aldermen, City of Ocean Springs v. Homebuilders Ass'n of Mississippi, Inc.*, 932 So. 2d 44, 59 (Miss. 2006) (quoting *Miss. Employment Security Commission v. Philadelphia Mun. Separate School Dist. of Neshoba County*, 437 So. 2d 388, 396 (Miss. 1983)). Nevertheless, "collateral estoppel and its cousin, res judicata, are not inflexible commands which must be brutally enforced in all cases." *Gibson*, 186 So. 3d at 846 (quoting *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 642 (Miss. 1991)).

In Mississippi, courts have endorsed the proposition that a question of fact is only "essential" to a judgment when "*the verdict could not have been rendered without deciding the matter*." *Philadelphia Mun. Separate Sch. Dist. of Neshoba Cty.*, 437 So. 2d at 396 n.8 (emphasis in original) (quoting *Haring v. Prosise*, 462 U.S. 306, 315, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983)). As the Supreme Court of Mississippi explained, while it is "quite sensible" that a first tribunal "will be extremely careful in deciding fact questions which are essential to its judgment[,] [t]he same degree of judicial or administrative care, however, may from time to time be lacking when fact questions are inquired into where they are not necessary to the decision." *Id.* at 397. A question

---

[3] The Court declines Dr. Woodall's invitation to rely on, without basis, Texas and Louisiana collateral estoppel doctrines. *See* Doc. [18, 22].

of fact, therefore, is not "essential to [the] judgment" where two litigations arise from the same set of facts but involve distinct inquiries. *See id.* at 396 (finding that subsequent administrative proceeding for unemployment benefits not subject to collateral estoppel by earlier reemployment proceeding, despite arising from same general set of facts, because of differing inquiries).

In light of the above, the Court turns to the respective inquiries involved in a Section 807 appeal and a Section 1983 case.

## B.  APPLICATION

Under Section 807, an aggrieved prisoner may appeal to the circuit court for review of his or her MDOC ARP grievance. Miss. Code Ann. § 47–5–807. The circuit court's scope of review is quite limited. *See*, *e.g.*, *Siggers v. Epps*, 962 So. 2d 78, 80 (Miss. Ct. App. 2007). The circuit court "will not disturb the decision of the administrative agency unless the decision is 'unsupported by substantial evidence[,] arbitrary or capricious[,] beyond the agency's scope or powers [,] or violative of the constitutional or statutory rights of the aggrieved party.'" *Edwards v. Booker*, 796 So. 2d 991, 994 (Miss. 2001) (quoting *Miss. State Bd. of Pub. Accountancy v. Gray*, 674 So. 2d 1251, 1253 (Miss. 1996)). Furthermore, "the circuit court may [not] substitute its own judgment for that of the agency [that] rendered the decision nor reweigh the facts of the case." *State v. Stafford*, 237 So. 3d 1280, 1283 (Miss. Ct. App. 2018) (quoting *Pub. Emps.' Ret. Sys. v. Allen*, 834 So. 2d 50, 53 (Miss. Ct. App. 2002)). Finally, "[t]here is a rebuttable presumption which favors the agency's decision[,] and the challenging party has the burden of proving the contrary." *Roberts v. Mississippi Dep't of Corr.*, 219 So. 3d 588, 592 (Miss. Ct. App. 2017) (quoting *Ross v. Epps*, 922 So. 2d 847, 849 (Miss. Ct. App. 2006)). The circuit court is, thus, conducting a limited review of the MDOC's findings of fact and decision, not engaging in its own fact-finding.

Turning to the ARP itself,[4] the program functions to allow an inmate to "seek formal review of a complaint relating to any aspect of their incarceration." Mississippi Department of Corrections Handbook, at Ch. VIII, ¶ 3. The ARP is expressly meant to broadly address prisoner complaints about: "[(i) a] policy within an institution/facility; [(ii) a]n action involving an inmate or employee of an institution/facility; [(iii) a]n incident occurring within an institution/facility; and[/]or [(iv) a] condition in an institution/facility." *Id.*, at ¶ 2. As a result, the ARP is primarily a mechanism for resolving *any* issues, constitutional or otherwise, that prisoners may have with the Mississippi prison system.

A federal claim brought under Section 1983 is quite distinct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S. Ct. 1827, 118 L.Ed.2d 504 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). In turn, Section 1983 liability attaches when "[t]here . . . [is] (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir.1986)). Thus, in a Section 1983 case, the thrust of factual development is on whether a state actor violated an individual's rights under federal law or the U.S. Constitution.

It is evident that the facts essential to a Section 1983 cause of action are distinct and therefore not "essential to the judgment in" the Section 807 appeal. *Gibson*, 186 So. 3d at 845 (citations

---

[4] Pursuant to Miss. Code Ann. § 47–5–801, the MDOC has the power to adopt administrative review procedures. Miss. Code Ann. § 47–5–801. Through this statute, the MDOC created the ARP, which is enumerated in Chapter VIII of the MDOC Handbook. *Liggins v. King*, No. CIV.A. 208-CV-227-MTP, 2009 WL 3246858, at *2 (S.D. Miss. Oct. 5, 2009). In passing, the Court notes that the MDOC Handbook is referenced in the pleadings—if not by name, and is, in any event, subject to judicial notice.

omitted). As noted above, the actual factfinder in a Section 807 case is the MDOC, not the circuit court. *See*, *e.g.*, *Stafford*, 237 So. 3d at 1283. The ARP makes it clear that the MDOC's fact-finding is limited to correcting everyday issues that prisoners have with the conditions of their confinement. *See* Mississippi Department of Corrections Handbook, at Ch. VIII, ¶ 2–3. Therefore, while the ARP-level factual development may *implicate* issues of confinement that raise constitutional concerns, those concerns are neither the *direct focus* of the MDOC nor essential to the administrative proceedings. *Ibid.* By extent, it is irrelevant that the circuit court can *review* the established record for constitutional issues because the facts were established without an eye toward such concerns. *See*, *e.g.*, *Siggers*, 962 So. 2d at 80 (applying deferential standard of review in Section 807 appeals from ARP). For these reasons, the facts "essential to the judgment in the former action" are not "essential," for collateral estoppel purposes, to the present case. The motion to dismiss fails.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that defendant Dr. Woodall's Rule 12(b)(6) motion to dismiss for failure to state a claim on grounds of collateral estoppel is denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation

contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of December 2020.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE