**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CORNELIUS CANNADY, SR.** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:20cv130-HSO-RPM** |
| | § | |
| | § | |
| **RONALD WOODALL** | § | **DEFENDANT** |

## ORDER OVERRULING DEFENDANT'S OBJECTIONS [26]; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25]; AND DENYING DEFENDANT'S MOTION TO DISMISS [17]

This matter comes before the Court on Defendant Ronald Woodall's Objections [26] to the Report and Recommendation [25] of United States Magistrate Judge Robert P. Myers, Jr., which recommended that Defendant's Motion to Dismiss [17] be denied.   After due consideration of the Motion [17], the Report and Recommendation [25], Defendant's Objections [26], the record, and relevant legal authority, the Court finds that Defendant's Objections [26] should be overruled, that the Magistrate Judge's Report and Recommendation [25] should be adopted, and that Defendant's Motion to Dismiss [17] should be denied.

## I.   BACKGROUND

### A.   Factual background

While Plaintiff Cornelius Cannady, Sr. ("Plaintiff") was incarcerated at South Mississippi Correctional Institution ("SMCI"), he submitted claims requesting medical treatment through the Mississippi Department of Corrections' ("MDOC") Administrative Remedy Program.   *See* Compl. [1] at 4-5; Ex. [1-1] at 1-2.

Specifically, Plaintiff sought a circumcision for medical purposes.   *See* Ex. [1-1] at

1.   After his requests were denied, *see id*. at 1-2, Plaintiff filed a motion [17-1] for

judicial review in the Circuit Court of Greene County, Mississippi, under

Mississippi Code § 47-5-807.   *See* Mot. [17-1] at 1.   Plaintiff asked the circuit court

to order MDOC to arrange the surgery and to compensate him for his pain and

suffering.   *See id*. at 2.   The state court denied Plaintiff's motion [17-1] for judicial

review, concluding that Plaintiff had not shown that any prison official had violated

his Eighth Amendment rights in treating his medical needs.   *See* Order [1-1] at 5-7.

B.   <u>Procedural history</u>

On April 1, 2020, Plaintiff filed a pro se Complaint [1] in this Court under 42

U.S.C. § 1983 against Defendant Ronald Woodall ("Defendant").   Compl. [1].

According to the Complaint [1], Defendant is the medical director at SMCI and he

allegedly intentionally treated Plaintiff's medical issue incorrectly, causing Plaintiff

to endure pain and suffering.   *See id*. at 2, 4.

Specifically, Plaintiff alleges that he had severe scar tissue around his penis

that made it impossible to clean and that Defendant prescribed A+D Ointment for

the condition, rather than performing a circumcision.   *See id*. at 4-5.   Plaintiff was

subsequently transferred to a different facility and evaluated by other medical

professionals who diagnosed him as needing a circumcision, and surgery was

performed on February 14, 2019.   *See id*. at 5.   Plaintiff asserts that Defendant

knew of and disregarded an excessive risk to his health and safety in prescribing

the ointment and that Plaintiff suffered an infection as a result of Defendant's

treatment.   *See id.*

Defendant filed a Motion to Dismiss [17], arguing that the Complaint should be dismissed with prejudice because Plaintiff's claims were barred by the doctrine collateral estoppel.   *See* Mem. [18] at 1, 3-4.   Defendant referred to the earlier action in the Circuit Court of Greene County, Mississippi, in which Plaintiff allegedly asserted identical claims.   *See id.*   Plaintiff opposed the Motion [17], arguing that the motion [17-1] for judicial review he filed in state court was a step in the MDOC's Administrative Remedy Program and that collateral estoppel did not bar his claims under 42 U.S.C. § 1983.   *See* Resp. [21] at 1-4.

In his Reply [22], Defendant took the position that the Greene County Circuit Court's dismissal of Plaintiff's petition precluded him from seeking further judicial relief in another forum.   *See* Reply [22] at 1-3.   Plaintiff then filed a Sur-reply [24],[1] in which he pointed out that the circuit court did not permit discovery and did not conduct a hearing or a trial.   Sur-reply [24] at 1.

On December 3, 2020, United States Magistrate Judge Robert P. Myers, Jr., entered a Report and Recommendation [25] recommending that Defendant's Motion to Dismiss [17] be denied.   *See* R. & R. [25] at 9.   The Magistrate Judge considered whether Mississippi's collateral estoppel doctrine would have a preclusive effect in the present case and addressed the differences between an appeal under Mississippi Code § 47-5-807 and a § 1983 action.   *Id.* at 5-9.   The Magistrate Judge

---

[1]  The Court's Local Rules do not contemplate a sur-reply and Plaintiff did not receive leave of Court to file one in this case, but the Magistrate Judge elected to consider Plaintiff's Sur-reply [24] in recommending that Defendant's Motion to Dismiss [17] be denied.   *See* R. & R. [25] at 3 n.1.   This Court likewise considers Plaintiff's Sur-reply [24].

determined that the facts essential to a § 1983 cause of action are distinct and not "essential to the judgment in" an appeal under Mississippi Code § 47-5-807, such that collateral estoppel did not apply.   *See id.* at 8-9.

Defendant has submitted Objections [26] to the Report and Recommendation [25], asserting that the Magistrate Judge erred in his determination that collateral estoppel does not bar Plaintiff's § 1983 claim.   *See* Objs. [26] at 1-4.   Specifically, Defendant contends that the state court's review focused its analysis exclusively on whether Plaintiff's Eighth Amendment rights were violated, and then affirmed MDOC's finding that no Eighth Amendment violation occurred.   *See id.* Defendant contends that the Complaint here is premised on the same facts reviewed by the state court, and that the state court's denial of Plaintiff's request for judicial review is sufficient to satisfy the elements of collateral estoppel.   *Id.* at 4.   Plaintiff has filed a Response [27] opposing Defendant's Objections [26] and arguing that the Magistrate Judge correctly determined that collateral estoppel cannot be applied.   *See* Resp. [27] at 1-2.

## II.   DISCUSSION

### A.   Relevant legal authority

### 1.   Standard of review

Because Defendant has filed written Objections to the Magistrate Judge's Report and Recommendation [25], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1).   "Such review means that this

Court will examine the entire record and will make an independent assessment of the law."   *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013).   In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

2.   <u>The doctrine of collateral estoppel</u>

Defendant asks the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiff's claims are barred by the doctrine of collateral estoppel.   *See* Mot. [17] at 1-2; Mem. [18] at 3-5.   "In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment."   *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

Under Mississippi law, "[c]ollateral estoppel exists to prevent 'parties from relitigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity.'"   *Mississippi Sand Sols., LLC v. Otis*, No. 2019-CA-01103-SCT, 2020 WL 7417014, at *3 (Miss. Dec. 17, 2020) (quoting *Marcum v. Miss. Valley Gas Co.*, 672 So. 2d 730, 733 (Miss. 1996)).   In order to demonstrate that collateral estoppel applies, a litigant must show that "the specific disputed issue was 'actually litigated, determined by, and essential to the judgment in the former action, even though a different cause of action is the subject of the subsequent action.'"   *Mississippi Sand Sols., LLC*, 2020 WL 7417014, at *3 (quoting *Dunaway v. W. H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss.

1982)).   The party invoking collateral estoppel bears the burden of proving the
defense.   *McCarty v. Wood*, 249 So. 3d 425, 435 (Miss. Ct. App. 2018).

The United States Court of Appeals for the Fifth Circuit has cautioned that,
under Mississippi law, "the fact-finding tribunal should be careful in its decision-
making and in its determination of the findings of fact essential to the issue in
question for the purposes of application of collateral estoppel, so as to eliminate any
suspicion about the proceedings."   *Stafford v. True Temper Sports*, 123 F.3d 291,
295 (5th Cir. 1997) (citing *Mississippi Employment Sec. Comm'n v. Philadelphia
Mun. Sep. Sch. Dist.*, 437 So. 2d 388, 397 (Miss. 1983)).   As the Mississippi
Supreme Court has explained, even if the application of collateral estoppel would be
permissible in a particular case, the doctrine is not an "inflexible command[ ] which
must be brutally enforced in all cases."   *Gibson v. Williams, Williams &
Montgomery, P.A.*, 186 So. 3d 836, 846 (Miss. 2016) (quotation omitted).   "[T]he
doctrine of collateral estoppel must never be seen as anything other than an
unusual exception to the general rule that all fact questions should be litigated fully
in each case."   *Mississippi Employment Sec. Comm'n*, 437 So. 2d at 397.

3.   Mississippi's administrative review procedure

The state court order at issue here was entered in Plaintiff's request for
judicial review as part of Mississippi's administrative review procedure ("ARP") for
inmates under Mississippi Code §§ 47-5-801, et seq.   This statute permits the
MDOC to adopt an ARP at each of its correctional facilities.   *See* Miss. Code Ann.
§ 47-5-801; Inmate Handbook, Miss. Dep't of Corrections (June 2016), Ch. VIII,

http://www.mdoc.ms. gov/Inmate-Info/Documents/CHAPTER_VIII.pdf.

The ARP procedure "constitute[s] the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may claim to have against the State of Mississippi, the Department of Corrections or its officials or employees."   Miss. Code Ann. § 47-5-803(1).   Monetary damages are not available under the ARP statute.   *See Clincy v. Atwood*, 65 So. 3d 327, 333 n.12 (Miss. Ct. App. 2011) (citing Miss. Code Ann. § 47-5-803).

Under the ARP, "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure."   Miss. Code Ann. § 47-5-803(2).   The MDOC's ARP is a two-step process, and if an inmate is unsatisfied with the second-step response, the inmate may seek judicial review.   *See* Miss. Code Ann. § 47-5-807; Inmate Handbook, Miss. Dep't of Corrections (June 2016), Ch. VIII, http://www.mdoc.ms.gov/Inmate-Info/ Documents/CHAPTER_VIII.pdf; *see also Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016).

When a prisoner seeks judicial review, Mississippi courts "will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is unsupported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of the constitutional or statutory rights of the aggrieved party."   *Johnson v. King*, 85 So. 3d 307, 309 (Miss. Ct. App. 2012) (quotation omitted).   "There is a rebuttable presumption that favors the agency's

decision, and the challenging party has the burden of proving the contrary." *Willis v. Westley*, 287 So. 3d 1050, 1053 (Miss. Ct. App. 2019) (quotation omitted).

B.   Analysis

Plaintiff asserts that Defendant violated the Eighth Amendment's prohibition on cruel and unusual punishment by being deliberately indifferent to his serious medical needs.   *See* Compl. [1] at 4-5.   The Magistrate Judge found that the facts essential to this § 1983 cause of action are distinct and not essential to the judgment in the state court administrative appeal under Mississippi Code § 47-5-807, such that collateral estoppel should not apply in this case.   *See* R. & R. [25] at 8-9.   In resolving Defendant's Objections, the Court focuses upon whether the state court's finding that Plaintiff "had not shown MDOC prison officials violated his Eighth Amendment rights in the treatment of his medical needs," Order [21-4] at 3, was essential to the judgment in that appeal.

Through the ARP process, Plaintiff requested that the MDOC arrange for him to be circumcised due to medical concerns.   *See* Ex. "A" [1-1] at 1.   At the first-step response, Defendant stated that Plaintiff had been previously treated with A+D Ointment and that Defendant had "no indifference to care."   *Id.*   At the second step, Defendant reported "no new issues raised from 1st step with treatment provided; claim with no merit."   Ex. "B" [1-1] at 2.   Both the first- and second-step responses in the ARP process appear to have been written by Defendant himself. *See id.* ("From: R. Woodall, MD"); Ex. "A" [1-1] at 1 ("FROM: R. Woodall");

The state court's review of the MDOC's second-step decision was quite

8

limited.   *See* Ex. "B" [1-1] at 2.   No discovery took place, *see* Sur-reply [24] at 1, and the state court's review was under a deferential substantial evidence standard, as opposed to a proceeding fully litigated on its merits, *see Johnson*, 85 So. 3d at 309.   Additionally, the circuit court did not find that Plaintiff's Eighth Amendment rights were not violated, only that he had not shown such a violation in the context of that administrative proceeding.   *See* Order [21-4] at 3.   Plaintiff bore the burden in his motion for judicial review to rebut the presumption favoring the MDOC's decision, and the state court could not disturb that decision unless it found that it was "unsupported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of the constitutional or statutory rights of the aggrieved party."   *Johnson*, 85 So. 3d at 309; *see also Willis*, 287 So. 3d at 1053. This burden is quite different from the preponderance of the evidence standard required for Plaintiff's § 1983 claim in this case.

The Court further notes that Mississippi courts have been hesitant to bar claims for money damages that were not litigated in an underlying injunction action.   *See S. Land & Res. Co., Inc. v. Dobbs*, 467 So. 2d 652, 656-57 (Miss. 1985) (collateral estoppel); *see also Expro Americas, LLC v. Walters*, 179 So. 3d 1010, 1025 (Miss. 2015) (res judicata).   Although Plaintiff made a request for money damages in his motion for judicial review [17-1], *see* Mot. [17-1] at 2, such damages are not available through the ARP process, *see Clincy*, 65 So. 3d at 333.   "Where damages are not sought as incidental to an injunction, the decree granting an injunction is not a bar to an action at law for past damages."   *S. Land & Res. Co.*, 467 So. 2d at

657.   The Court finds this reasoning persuasive with respect to Plaintiff's § 1983 claim for money damages, which were not available in the ARP process.   *See Clincy*, 65 So. 3d at 333.

Based upon the Court's review of the record, it cannot conclude Defendant has carried his burden of demonstrating that the state court's statement that "Petitioner has not shown MDOC prison officials violated his Eighth Amendment rights in the treatment of his medical needs," Order [21-4] at 3, was essential to the judgment in that proceeding, *but see Mississippi Sand Sols., LLC*, 2020 WL 7417014, at *3.   Thus, Defendant has not demonstrated that collateral estoppel operates to bar Plaintiff's § 1983 claim in this case.

Defendant's Objections [26] will be overruled, and the Magistrate Judge's Report and Recommendation [25] will be adopted in its entirety.   Even if collateral estoppel were somehow applicable here, the Court is not persuaded that it should be applied under the facts and circumstances of this case.   *See Stafford*, 123 F.3d at 295; *Gibson*, 186 So. 3d at 846.

## III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.   The Court will overrule Defendant's Objections [26], adopt the Magistrate Judge's Report and Recommendation [25] as the opinion of this Court, and deny Defendant's Motion to Dismiss [17].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Ronald Woodall's Objections [26] to the Report and Recommendation [25] of United States Magistrate Judge Robert P. Myers, Jr. are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [25] of United States Magistrate Judge Robert P. Myers, Jr. is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Ronald Woodall's Motion to Dismiss [17] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 21st day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE